UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FREDDIE BOYER | * | CIVIL ACTION NO. 22-cv-2027 |
| *Plaintiff* | * | |
| | * | |
| VERSUS | * | JUDGE: |
| | * | |
| UNITED PROPERTY & CASUALTY | * | |
| INSURANCE COMPANY | * | MAGISTRATE: |
| *Defendant* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOTICE OF REMOVAL OF CIVIL ACTION
PURSUANT TO 28 U.S.C. §1441(b) DIVERSITY JURISDICTION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**TO THE CLERK OF COURT:**

**PLEASE TAKE NOTICE** that Defendant, United Property & Casualty Insurance Company, (hereinafter primarily referred to as "UPC"), with full reservations of any and all exceptions, rights, defenses, and objections, hereby gives notice of the removal to this Court of the State Court Action described, and, in support, states as follows:

## BACKGROUND

1.

UPC was named as a defendant in a civil action commenced on or about January 20, 2022 in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, titled *Freddie Boyer v. United Property & Casualty Insurance Company*, Case No. 2022-0058, Section "G-11".

2.

Attached hereto as "Exhibit A" is a copy of Plaintiff's Petition for Damages. UPC will file a copy of all process, pleadings, notices, and orders filed in the state court proceeding.[1]

---

[1] *See* Exhibit "A", Plaintiff's Petition for Damages filed in Civil District Court for the Parish of Orleans on January 20, 2022 and assigned Cause No. 2022-00558, Section "G-11".

3.

Plaintiff, Freddie Boyer (hereinafter the "Boyer" or "Plaintiff") alleges on August 29, 2021 Hurricane Ida struck Southeast Louisiana as one of the most powerful storms in U.S. history.[2] Plaintiff claims on or about August 29, 2021 Hurricane Ida damaged the exterior, interior, and roof of his property 7918 S. Claiborne Ave., New Orleans, Louisiana 70125.[3] Plaintiff claims the damages sustained by the storm allowed water intrusion into the interior of the residence and caused significant damage to his property.[4]

4.

Plaintiff also claims contractual damages premised in La. R.S. §§ 22:1892 and 1973. Plaintiff claims Defendant, "grossly underreported his property damage."[5] Further, Boyer claims, Plaintiff's expert adjuster inspected the Property and created a report (the "Expert Report") documenting and detailing that the Property had been damaged by Hurricane Ida.[6] "The following amounts were required to be paid by Defendant for repair, damages, and/or reimbursement: 1) $157,273.85 in damage to the dwelling/structure; and 2) $29,145.60 in damage to other structures."[7] Boyer claims on December 10, 2021 a demand for the release of unconditional tenders regarding damage to Plaintiff's dwelling structure was sent to Defendant, along with the Expert Report as well as other supporting documentation, demonstrating the losses.[8] Plaintiff claims this correspondence and the enclosed evidence constituted "satisfactory proof of loss" pursuant to La.

---

[2] Id. at para. 6.
[3] Id. at para. 7.
[4] Id.
[5] Id. at para. 10.
[6] Id. at para. 14.
[7] Id.
[8] Id. at para. 15.

R.S. §§22:1892 and 22:1973.[9] Plaintiff claims that, despite satisfactory proof of loss sent on December 10, 2021, Defendant has yet to tender adequate monies to Plaintiff.[10]

## DIVERSITY OF CITIZENSHIP

5.

Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this matter based upon diversity of citizenship.

6.

Upon information and belief, Plaintiff, Boyer, is a resident and domiciliary of the Parish of Orleans, State of Louisiana, both at the time of filing of this suit and at the time of removal. Therefore, Plaintiff is a citizen of the State of Louisiana.

7.

UPC is a citizen of the State of Florida, as it is an insurance corporation organized under the laws of the State of Florida with its principal place of business in the State of Florida. Thus, UPC is a citizen of the State of Florida.

## AMOUNT IN CONTROVERSY

8.

Although UPC denies liability to Plaintiff, upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Plaintiff alleges in his Petition for Damages a total of $186,419.45. Further evidence this cause of action exceeds the 28 U.S.C. 1332 amount in controversy is that Plaintiff demanded and/or offered to resolve this action for $240,000 total on May 12, 2022.[11]

---

[9] Id.
[10] Id.
[11] See Exhibit "B", Plaintiff's offer to settle as of May 12, 2022 through email correspondence for a figure of $240,000.

9.

Therefore, Plaintiff alleges on the face of the Petition for Damages that Plaintiffs provided an itemized estimate of damages and losses to Defendants totaling $157,273.85 and $29,145.60 thus establishing the amount in controversy.[12] Additionally, Plaintiff has claimed penalties and attorney fees pursuant to Louisiana Revised Statutes 22:1973 and 22:1892 and recently demanded $240,000 for settlement. In summary, the face of the Petition for Damages and other evidence satisfy this Honorable Court's amount of controversy requirement of $75,000 pursuant to 28 U.S.C. § 1332.

10.

A Defendant shows, by preponderance of the evidence, that the jurisdictional amount under 28 U.S.C. §1332 is met in either of two ways: 1) when it is "facially apparent" from a reading of the complaint that the Plaintiff's claims are likely to exceed $75,000.00 or 2) when a defendant can show through supporting, summary judgment-type evidence that the Plaintiff's claims are likely to exceed $75,000.00.[13] Here, the jurisdictional figure and threshold of 28 U.S.C. § 1332 is facially apparent from the Petition for Damages as Plaintiffs have pled a specific monetary figure in their Petition for Damages. Further, Defendant can also show through summary judgment type evidence the amount in controversy exceeds $75,000. Therefore, since the parties are diverse and the face of the Petition for Damages establishes the amount in controversy exceeds $75,000; this action is removable on its face.[14]

---

[12] Exhibit A at para. 14.
[13] *See Allen R&H Oil & Gas Co.,* 63 F.3D 1335 (5th Cir. 1995); *Riley v. Wal-Mart Louisiana, LLC*, 15-5729, 2015 WL 9268160 (E.D. La. 12/21/15); *Davis v. State Farm Fire & Cas. Co.*, 06-560, 2006 WL 1581272 (E.D. La. 6/7/06); *Dautriel, et al. v. Colgan Air Inc., et al.,* 07-1735, 2008 WL 652149 (W.D. La 1/15/08).
[14] Federal courts have subject matter jurisdiction over cases where there is complete diversity between plaintiffs and defendants and the amount in controversy exceeds $75,000.[12] 28 U.S.C. § 1332(a); *Felton v. Greyhound Lines, Inc.,* 324 F.3d 771, 773 (5th Cir.2003). Defendant contends that the jurisdictional amount has been met in this case, despite the absence in plaintiff's petition of an allegation of the specific amount of total damages plaintiff is seeking. Louisiana plaintiffs, however, are ordinarily prohibited from specifying a monetary amount of damages in their state court

11.

Based on the above, UPC submits that it is readily apparent from the facts of the Plaintiff's Petition for Damages, Plaintiff's alleged property damage estimates, and Plaintiff's alleged statutory damages, penalties, and attorneys' fees, if proven as a matter of law and fact, would exceed the sum of $75,000.00, and Plaintiff cannot show that he is legally certain not to be able to recover that amount.

## **REMOVAL IS PROPER**

12.

UPC was served with the Petition for Damages via the Louisiana Secretary of State on June 3, 2022.[15] UPC will supplement this removal with a certified copy of all process, pleadings, and orders served upon UPC as required by 28 U.S.C. §1446(a). However, presently Exhibit "C" of this Notice of Removal is a copy of the service, citation, and pleadings served on UPC and the Louisiana Secretary of State. Further, Exhibit "C" is a copy of the state court record obtained from the Civil District Court for the Parish of Orleans, Case No. 2022-00558, Section "G-11".

13.

Accordingly, this Notice is timely filed within thirty (30) days after UPC was served or within thirty (30) days of when UPC's agent for service, the Louisiana Secretary of State, was

---

petitions. La.Code Civ. Proc. Ann. art. 893(A)(1) (2005);[14] *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir.1993). Therefore, when a case is removed from a Louisiana state court, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount." *Ho v. Colony Ins. Co.,* No. CIV. A. 07-6990, 2008 WL 145023, at *2 (E.D. La. Jan. 14, 2008).

[15] *See* Exhibit "C", Copy of the Louisiana Secretary of State's Service Information for this action.

served with Plaintiff's Original Petition for Damages and within one (1) year of the filing of the Petition for Damages in compliance with 28 U.S.C. §1446(b).[16]

14.

The United States District Court for the Eastern District of Louisiana is the federal judicial district embracing the Civil District Court for the Parish of Orleans, where the suit was originally filed. Venue, therefore, is proper in this district under 28 U.S.C §1441(a).

15.

This Court has original jurisdiction pursuant to 28 U.S.C. §1332(a) in that this is a civil action wherein the amount of controversy exceeds $75,000.00, exclusive of interest and costs, which is derived from the characterization of damages and from the face of the Petition for Damages and from the summary judgment type evidence wherein Plaintiff pleads a monetary figure totaling $186,419.45 not including their extracontractual claims cited in their Petition for Damages, and the suit is between citizens of different states; thus, this suit is removable pursuant to 28 U.S.C. §1441, *et seq.*

16.

Promptly after the filing of this Notice of Removal to the United States District Court for the Eastern District of Louisiana, a copy of this Notice will be filed with the Clerk of aforesaid State Court, Civil District Court for the Parish of Orleans, to affect the removal of this civil action to the United States District Court, Eastern District of Louisiana, as provided by law.

**WHEREFORE**, the above premises considered, Defendant, United Property & Casualty Insurance Company, prays the action titled *Freddie Boyer v. United Property & Casualty*

---

[16] Exhibit A reflects Plaintiff's action was filed on January 20, 2022; therefore, removal is within one year of the filing of Plaintiff's original action. Further, Exhibit C reflects removal was within thirty (30) days of the La. Secretary of State's receipt of the citation.

*Insurance Company*, Case No. 2022-0058, Section "G-11" filed in the Civil District Court for the Parish of Orleans, State of Louisiana, be removed to this Honorable Court for a jury trial and determination; that all further proceedings in the State Court be stayed; and that this Defendant has additional and further relief to which it may be entitled.

    Respectfully submitted,

    */s/ J. Reed Poole, Jr.*
    RANDALL C. MULCAHY, Bar No. 26436
    TRAVIS L. GARRISON, Bar No. 33845, T.A.
    J. REED POOLE, JR., Bar No. 34034
    GARRISON, YOUNT, FORTE & MULCAHY, L.L.C.
    909 Poydras Street, Suite 1800
    New Orleans, Louisiana 70112
    Telephone: (504) 527-0680
    Facsimile: (504) 527-0686
    rpoole@garrisonyount.com
    *Counsel for Defendant,*
    *United Property & Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of July 2022, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's electronic system and by depositing same in the United States Mail, postage prepaid, and/or facsimile and/or e-mail transmission of this date.

    */s/ J. Reed Poole, Jr.*
    J. REED POOLE, JR., Bar No. 34034